## BRELAND v. BARNETT.

(Division A. Feb. 24, 1930.)

[126 So. 386. No. 28460.]

**Will E. Ward,** of Starkville, for appellant.

**Augustin Magruder,** of Starkville, for appellee.

**Cook, J.**, delivered the opinion of the court.

Appellant, O. P. Breland, filed this suit against D. W. Barnett, Jr., C. H. West, and John J. Daly, seeking to recover the principal, interest, and attorney's fees, alleged to be due on a certain promissory note for five hundred dollars, executed by the said D. W. Barnett, Jr., on March 1, 1928, payable to the order of himself, due September 15, 1928, and indorsed by him in blank, and also indorsed by the defendants Daly and West. The defendant John J. Daly was not served with process, and neither he nor the defendant West interposed any defense to appellant's demand. The defendant Barnett filed a plea of the general issue and gave notice thereunder that he would offer evidence to prove that the appellant was not a holder in due course of the note sued on, for the reason that he purchased the same after maturity; that the defendant had been induced to execute the note by certain detailed false and fraudulent representations; that the consideration therefor had totally failed; and that the note was never the property of West and Daly through whom the appellant claimed title thereto, but the said Daly in negotiating said note to appellant was guilty of embezzlement, and therefore the note became and was void as to all holders subsequent to said Daly. At the conclusion of the evidence offered by the respective parties, the court refused a peremptory instruction requested by the appellant, and submitted the cause to the jury, and from a verdict in favor of the defendant Barnett, this appeal was prosecuted.

The appellant testified that he purchased the note sued on in April 1928, from John J. Daly and C. H. West, paying therefor the sum of four hundred and fifty dollars; that he understood that the said Daly and West were stock salesmen of the Industrial Life Insurance Company of Mississippi, then being organized, and the note purchased by him had been executed for the purchase price of stock in that insurance company, but that he had no notice of any infirmity in the instrument, or defect in the title of the person negotiating it, until long after the maturity of the note. He further testified that in January, 1928, he purchased, through the said West, stock in the same insurance company to the amount of five hundred dollars, paying therefor one hundred and twenty-five dollars at the date of purchase and three hundred and seventy-five dollars about the time he purchased the note here sued on, and that it was understood and agreed that this stock was not to be issued and delivered to him until sometime during the fall of 1928.

The appellee testified that he executed the note in payment for certain stock of the said insurance company, and that in August, 1928 the said West and Daly asked him to make a payment on the said note, which he refused to do for the reason that the same was not due; that they then told him they could sell his stock to some one else if he so desired; and that it was agreed that they would do so, and return his note, which Daly claimed was in his office at that time. Over the objection of the appellant, the appellee was also permitted to testify that when he purchased the stock he had an understanding with West and Daly that the note was not to be negotiated, and if later he decided that he did not want the stock, they would resell it and return his note.

There was also evidence offered to show that the said Industrial Insurance Company was never chartered,

organized or licensed to do business in this state, and no permit was ever issued for the sale of its stock.

In support of the jury's verdict, the appellee first contends that the facts and circumstances indicate that the appellant purchased the note in question after maturity, if at all. In support of this contention, he relies upon the fact that the appellant did not demand payment of the note until about six months after its maturity, and the further fact that the defendants West and Daly undertook to collect the note, or to secure a payment thereon, after the date when the appellant claimed to have purchased the note from them. Neither of these facts or circumstances is sufficient to warrant the jury in disregarding the positive and uncontradicted testimony of the appellant that the note was purchased in April, 1928, and in finding that it was purchased after maturity; and it was error to submit to the jury that issue.

The appellee next contends that the negotiation of the note by West and Daly was an act of embezzlement, and passed no title to appellant; and that there was want of consideration and fraud in the execution of the note, and the appellant purchased with notice of such infirmities.

The proof wholly fails to show that the negotiation of the note in question was an act of embezzlement, or that the appellant had any knowledge or notice of any infirmity in the note, or defect in the title of the persons negotiating it. While the appellant admitted that when he purchased the note he understood that it had been executed in payment for stock in an insurance company then in process of organization, he further testified that he had previously purchased stock in this proposed company and that he had paid for the same at or about the time he purchased this note. This testimony is uncontradicted, and it is not reasonable to assume that he would have paid out a considerable sum of money in the purchase of this stock if he had had any notice or knowledge

of fraud in the organization of this company. The testi-· mony of the appellee that he had an understanding with West and Daly that his note would not be negotiated should not have been admitted; but it proved nothing as against the appellant who had no notice of such understanding. Counsel for the appellee suggests that "the record as a whole justifies reference to the possibility" that the appellant was a party to a fraudulent scheme between him and C. H. West to enforce payment of a note fraudulently secured from an intended stockholder in the Industrial Life Insurance Company, but counsel admits that, "however much one might be inclined to such a suspicion, the testimony does not afford it any foundation." Upon the testimony in this record, the court below should have instructed the jury to find for the appellant for the amount of the note and interest, and also a reasonable attorney's fee as shown by the evidence.

The judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.